IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-57-TAV-DCP |
| LARICO LAMAR SMITH, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on August 1, 2023, for Defendant Smith's arraignment on the Superseding Indictment [Doc. 40 SEALED], and a hearing on Defendant's Unopposed Motion to Continue Trial Date and Motion Hearing and to Extend Plea Deadline [Doc. 41]. Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Randall Reagan appeared on behalf of Defendant Smith, who was also present.

In his motion [Doc. 41], Defendant asks the Court to continue the August 22, 2023 trial date, July 24, 2023 plea deadline, and August 1, 2023 evidentiary and suppression hearing. Counsel for Defendant states that the Government filed a superseding indictment on July 18, 2023. Counsel relates that he and counsel for the Government have been diligently engaged in plea negotiations that may obviate the need for hearings on the pretrial motions, but that additional time is needed to research certain legal issues and determine the details of a plea agreement. Counsel further states that Defendant is detained in Laurel County, Kentucky, which complicates communication between himself and Defendant regarding the current plea negotiations. Finally, defense counsel states that counsel for the Government has advised that she does not oppose the instant motion.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to research issues related to the superseding indictment that Defendant was recently arraigned on and engage in plea negotiations with the Government. Because such negotiations may obviate the need for a hearing on the pending pretrial motions, the Court continues the evidentiary and suppression hearing to **September 12, 2023, at 10:00 a.m.** In the event such negotiations are not fruitful, counsel will need time to litigate the pending pretrial motions, confer with his client, and prepare for trial based on the outcome of the pending motions to continue—tasks made more difficult by Defendant's pretrial detention in another state. All of this cannot be done by the August 22, 2023 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Date and Motion Hearing and to Extend Plea Deadline [**Doc. 41**]. The trial of this case is reset to **February 27, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 19, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Smith's Unopposed Motion to Continue Trial Date and Motion Hearing and to Extend Plea Deadline [**Doc. 41**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 27, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **July 19, 2023**, and the new trial date of **February 27, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The evidentiary and suppression hearing is continued to **September 12, 2023, at 10:00 a.m.**

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 29, 2024**;

(6) The deadline for filing motions *in limine* is **February 12, 2024**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **February 13, 2024, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 16, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge