IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 3:22-CR-57-TAV-DCP |
| LARICO LAMAR SMITH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Larico Lamar Smith's Unopposed Motion to Continue Trial Date and to Extend the Plea Deadline [Doc. 50], filed on January 25, 2024.

In his motion [Doc. 41], Defendant asks the Court to continue the trial scheduled for February 27, 2024 and the plea deadline scheduled for January 29, 2024. In support of his motion, Defendant notes that a hearing on pretrial motions is scheduled for February 13. Defense counsel relates that he and counsel for the Government have been diligently engaged in plea negotiations that may obviate the need for a hearing on the pretrial motions, but that additional time is needed to research certain legal issues and determine the details of a plea agreement. Counsel further states that Defendant is detained in Laurel County, Kentucky, which complicates communication between himself and Defendant regarding the current plea negotiations. Defendant's motion reflects that counsel for the Government has advised that she does not oppose the instant motion. Finally, in subsequent communications with the Court and counsel for both parties, counsel for Defendant Smith confirmed that Defendant understands that the period of time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant needs more time to engage in plea negotiations and discuss any offers with Defendant. Further, in the event plea negotiations are not fruitful, counsel for Defendant will need additional time to argue the pending motions at the rescheduled hearing, file any post-hearing briefs or objections that may be necessary, and otherwise prepare for trial, all of which cannot be done by the February 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Larico Lamar Smith's Unopposed Motion to Continue Trial Date and to Extend the Plea Deadline [**Doc. 50**]. The trial of this case is reset to **August 13, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 25, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Larico Lamar Smith's Unopposed Motion to Continue Trial Date and to Extend the Plea Deadline [**Doc. 50**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 13, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **January 25, 2024**, and the new trial date of **August 13, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 12, 2024**;

(5) The deadline for filing motions *in limine* is **July 29, 2024**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **July 30, 2024, at 10:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 2, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge