UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-57-TAV-DCP |
| | ) | |
| LARICO LAMAR SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the undersigned for report and recommendation on Defendant Larico Smith's Motion to Dismiss the Indictment Under the Second Amendment [Doc. 21], filed on September 25, 2022. Defendant, who is charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), argues that statute is unconstitutional because it impinges upon the Second Amendment's protection of an individual's right to bear arms. The Court held a hearing on this and other pending pretrial motions on March 27, 2024.[1] At that hearing, defense counsel asked to update his motion in a post-hearing brief in lieu of argument [Doc. 58 p. 5]. Government's counsel did not object, and the Court granted this request [*Id*. at 5–6]. On May 15, 2024, Defendant filed a two-page post-hearing brief that referred the Court to three recent cases addressing the constitutionality of § 922(g)(1) [Doc. 60]. On May 29, 2024, the Government filed

---

[1] Defendant moved to dismiss on September 25, 2022 [Doc. 21], and the Government filed its initial response on October 21, 2022 [Doc. 30]. Thereafter, the Court granted the parties' numerous requests to continue the motion hearing on this and other defense motions to allow the parties to pursue plea negotiations and to accommodate a witness [*See* Docs. 32, 36, 38, 43, 45, 47, 49, 51, & 54]. The Government filed a Supplemental Response in Opposition to Defendant's Motion to Dismiss [Doc. 52] on February 6, 2024, to update the caselaw and reasoning in its initial response, which was filed more than fifteen months earlier.

an equally succinct responding post-hearing brief [Doc. 61]. The Court then took the matter under advisement.

On June 21, 2024, the United States Supreme Court decided that 18 U.S.C. § 922(g)(8) is facially constitutional under the Second Amendment. *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *11 (June 21, 2024). Portions of the *Rahimi* decision may be relevant to the undersigned's analysis of the constitutionality of § 922(g)(1).[2]

Accordingly, the Court **ORDERS** as follows:

(1) Both parties are **ORDERED** to file post-hearing briefs applying the Supreme Court's decision in *United States v. Rahimi* to Defendant's challenge to the constitutionality of § 922(g)(1) under the Second Amendment. These supplemental post-hearing briefs for both parties are due on or before **JULY 9, 2024**; and

(2) Both parties shall respond to the opposing supplemental post-hearing brief addressing the *Rahimi* decision on or before **JULY 16, 2024**.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] The Court acknowledges that in *Rahimi*, the Supreme Court emphasized that § 922(g)(8), like relevant historical analogues, only temporarily disarms an individual subject to a domestic abuse order. *Id*. at *10. The Supreme Court also rejected the prosecution's argument that an individual "may be disarmed simply because he is not 'responsible.'" *Id*. at *11; *see also id*. at 35–36, 45–47 (Thomas, J., dissenting). These and potentially other portions of the *Rahimi* decision may be relevant to the issues raised in the instant matter.