UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )     No.:   3:22-CR-57-TAV-DCP
)
LARICO LAMAR SMITH, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin on September 6, 2024 [Doc. 80]. The R&R addresses defendant's Motion to Dismiss the Indictment [Doc. 21]. The government responded in opposition [Doc. 30] to defendant's motion and supplemented its response [Doc. 52]. Judge Poplin held an evidentiary hearing on March 27, 2024 [Doc. 55]. At the evidentiary hearing, Judge Poplin granted defendant's request to file post-hearing briefs [*Id.*]. Defendant filed a post-hearing brief [Doc. 60] and a supplement [Doc. 64], the government filed a responding brief [Doc. 61] and a supplement [Doc. 73], and defendant filed a reply [Doc. 78]. Judge Poplin took the motion and parties' briefs under advisement. Judge Poplin then issued the R&R [Doc. 80], recommending that the Court deny defendant's Motion to Dismiss the Indictment [Doc. 21].

Defendant has filed objections to the R&R [Doc. 86], and the government has responded [Doc. 87]. The matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For

the reasons below, the Court **MODIFIES in part** and **ACCEPTS in part** the R&R [Doc. 80] and **DENIES** defendant's Motion to Dismiss the Indictment [Doc. 21].

## I.     Background

The Court presumes familiarity with the background set forth in the R&R [*See* Doc. 80, pp. 2–5].   As neither party has objected to this portion of the R&R, the Court reincorporates it in part below:

> According to the Government, officers responding to a domestic dispute observed Defendant standing beside his vehicle.   The officers later found a loaded firearm on the ground beside Defendant's vehicle at the location where Defendant had been standing.   Based upon these circumstances, Defendant was charged with being a felon in possession of a firearm and ammunition [in violation of 18 U.S.C. § 922(g)(1)].
>
> Defendant's prior criminal history includes a conviction for voluntary manslaughter in 1995.   Defendant has five felony convictions for aggravated assault, three of which involve use of a gun.   In May 2004, Defendant entered a guilty plea in this Court to being a felon in possession of ammunition and a felon in possession of a firearm and ammunition.   Defendant was sentenced to 151 months of imprisonment for his two 2004 federal felony convictions.
>
> Defendant proffers that following his release from serving his federal sentence on August 22, 2017, he successfully completed a three-year term of supervised release.   From that time until his October 25, 2021[,] arrest on the state charges underlying this case, he worked for the Knoxville Area Transit Authority as a bus driver.

[Doc. 80, pp. 2–3 (citations and footnotes omitted)].[1]

Defendant moved to dismiss the indictment, raising both a facial and as-applied challenge to the constitutionality of § 922(g)(1) [*Id.* at 5].   Relying on the test in *New York*

---

[1]   For clarity, while the R&R states that defendant was released on August 22, 2017, it appears from defendant's filings that defendant was actually released from incarceration on August 22, 2014, completing his three-year term of supervised release on August 21, 2017 [*See* Doc. 64, p. 4; Doc. 78, pp. 3–4].

2

*State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022),[2] defendant asserted that

his conduct was "presumptively protected because [the] possession of a firearm comes

within the plain text of the Second Amendment[,] . . . and the [g]overnment cannot rebut

this presumption because felon-disarmament laws were unknown in the founding era and

have no historical analogue" [*Id.* at 3 (citing Doc. 64, pp. 2, 10–15]. Additionally,

defendant argued that the Second Amendment's protections are not limited to "law-

abiding" individuals [*Id.* (citing Doc. 64, pp. 23–26)].

The government, in opposition, asserted that § 922(g)(1) is presumptively lawful

under pre-*Bruen* Supreme Court and Sixth Circuit precedent, which was left unaltered by

the *Bruen* opinion [*Id.* at 3 (citing Doc. 30, pp. 1, 3–5; Doc. 52, pp. 2–8)]. Further, the

government argued that the protections of the Second Amendment are limited to law-

abiding citizens, but, alternatively, even if felons were covered by the Second

Amendment's protections, "felon disarmament is consistent with this country's historical

tradition of limiting the civic rights of those convicted of serious crimes" [*Id.* at 3–4 (citing

Doc. 30, pp. 5–10; Doc. 52, pp. 9–10)].

Upon consideration of the record and the parties' arguments, Judge Poplin has

recommended that defendant's Motion to Dismiss the Indictment [Doc. 21] be denied. As

to defendant's facial challenge, Judge Poplin concluded that based on the Sixth Circuit's

reasoning and holding in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024)

---

[2] As set out in *Bruen*, if the conduct in question is covered by the Second Amendment, then the government must justify its regulation "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation" [*Id.* at 5]. 597 U.S. at 24.

3

("*Williams*"), defendant's facial challenge to § 922(g)(1) must fail [Doc. 80, pp. 12–17]. As to defendant's as-applied challenge, Judge Poplin determined that defendant's criminal record and the recent allegations of domestic violence against defendant show him to be dangerous, and therefore, his as-applied challenge fails as well [*Id.* at 17–21].

## II.    Standard of Review

The Court reviews *de novo* those portions of the R&R to which a defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers the defendant's motion to dismiss the indictment, the government's response and supplement, the parties' post-hearing briefing, the R&R, defendant's objections, and the government's response to those objections, all in light of the applicable law.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute"). Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review warrants a different result on a particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object." *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (citations omitted); *see also United States v. Dawson*, No. 4:19-cr-206, 2020

WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("[T]he Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.").

### III.    Analysis

Defendant makes two objections to the R&R.  First, as to his facial challenge, defendant objects to the R&R's finding that the statute, 18 U.S.C. § 922(g)(1), is constitutional on its face under Sixth Circuit precedent [Doc. 86, p. 1].  Defendant states he objects to this finding for the limited purpose of preserving the issue for further appellate review should *Williams* be reversed [*Id.*].  As such, this Court will not address this objection.

Second, defendant objects to the R&R's finding that § 922(g)(1) is constitutional as applied to defendant because he is a "dangerous felon" [*Id.*].  Defendant submits that Judge Poplin "clearly erred in using remote-in-time convictions to support the finding of dangerousness," arguing that "the use of such ancient offenses . . . amounts to a permanent lifetime ban that is not 'consistent with this Nation's historical tradition of firearm regulation'" [*Id.* at 2 (quoting *Bruen*, 597 U.S. at 17)].  Further, defendant contends that the R&R's reliance on his pending domestic assault case "violates the presumption of innocence and due process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution" [*Id.*].

In response, the government states that defendant's objections are unsupported by fact or law, and that the R&R "addresses and answers every point raised by [d]efendant" [Doc. 87, p. 1].

In its analysis of defendant's as-applied challenge, the R&R quotes *Williams* which states, "[h]istory shows that governments may use class-based legislation to disarm people it believes are dangerous, so long as members of that class have an opportunity to show they aren't." 113 F.4th at 661–62. "In determining whether an individual has met his burden to demonstrate that he is not dangerous, and thus falls outside of § 922(g)(1)'s constitutionally permissible scope, courts . . . must focus on each individual's specific characteristics." *Id.* at 657. Specifically, "[t]he dangerousness determination will be fact-specific" and depend on the "unique circumstances of the individual defendant" including the defendant's entire criminal record in addition to the underlying predicate offense. *Id.* at 657–58, 660.

With this foundation, the R&R turns to the three categories of crimes described in *Williams*, the most pertinent here being the first category: violent crimes against the person [Doc. 80, pp. 18–19]. Violent crimes against the person, such as murder, rape, assault, and robbery, "are at least strong evidence that an individual is dangerous, if not totally dispositive on the question" [*Id.* (quoting *Williams*, 597 F.4th at 658)]. Against this backdrop, the R&R finds that defendant's criminal history, consisting of convictions for voluntary manslaughter and aggravated assault, coupled with defendant's pending allegations of domestic violence, show defendant to be a dangerous felon [*Id.* at 20–21]. As such, the R&R concludes that § 922(g)(1) is constitutional as applied to defendant [*Id.* at 21–22].

The R&R acknowledges the aged nature of defendant's prior convictions but argues that defendant's recent allegations of domestic violence bolster the finding that defendant

6

remains a dangerous felon [*Id.* at 21]. Specifically, the R&R asserts that "[v]oicemails, photographs, and texts on [d]efendant's cellular phone reveal that [defendant] caused an injury to his girlfriend's head and that she accused him of pointing a gun at her" [*Id.* (citing Doc. 26, pp. 15–16)]. In turn, the R&R finds that these allegations of domestic abuse, which involve a firearm, demonstrate that defendant remains a dangerous individual [*Id.*].

### A.    Defendant's "Remote-in-Time" Convictions

As discussed in the R&R, defendant has a prior state conviction for voluntary manslaughter from May 30, 1995, for shooting an individual with a handgun [Doc. 80, p. 2 n.1]. Additionally, defendant has five felony convictions for aggravated assault [*Id.* at 2]. In 1995, the defendant was convicted of aggravated assault for serious bodily injury with a beer bottle [*Id.* at 2 n.2]. Defendant's four other aggravated assault convictions are from 2006 and relate to offenses occurring in 2002 and 2003 [Case No. 3:03-cr-100, PSR ¶¶ 41, 43]. In the first offense, on September 22, 2002, defendant knocked a victim to the ground and shot him in the leg [Doc. 80, p. 2 n.3; Case No. 3:03-cr-100, PSR ¶¶ 12, 41]. The remaining three convictions, brought under the same docket number, appear to stem from an incident occurring on January 18, 2003, in which defendant shot at three victims and struck one in the back [Doc. 80, p. 2 n.3; Case No. 3:03-cr-100, PSR ¶¶ 13, 43].[3]

---

[3]    The Court's summary of defendant's prior convictions differs slightly from the R&R. In footnote 2 of the R&R, it states that defendant has aggravated assault convictions from 1995, 2002, and three from 2006 [Doc. 80, p. 2 n.2]. However, based on the presentence report ("PSR") in Case No. 3:03-cr-100, it does not appear that defendant has a conviction for aggravated assault in 2002. Instead, it appears that defendant has *four* convictions from 2006 with one resulting from conduct occurring on September 22, 2002 [Case No. 3:03-cr-100, PSR ¶¶ 12, 41]. The remaining three convictions, based on the PSR and the date of referral of February 12, 2003, appear to stem from defendant's conduct on January 18, 2003 [*See id.* at ¶¶ 13, 43]. In footnote 3, the R&R states that on June 20, 2003, the defendant engaged in a gun fight in which a bystander was shot in the

7

On August 5, 2003, defendant was arrested after law enforcement, responding to a call about a shooting in a housing community, observed defendant throwing a 9mm semiautomatic pistol behind his back [Case No. 3:03-cr-100, PSR ¶ 16]. Upon arrest, law enforcement uncovered another firearm that contained three spent shell casings and two live rounds [*Id.*]. Defendant pled guilty to being a felon in possession of ammunition and a felon in possession of a firearm and ammunition and was sentenced on May 24, 2004, to an aggregate of 151 months [Case No. 3:03-cr-100, Docs. 53, 57, 58].[4] Defendant was released in 2014 and successfully completed his supervised release on August 22, 2017 [Doc. 80, p. 3].[5] Defendant was arrested on October 25, 2021, on the state charges underlying this case [*Id.*].

Defendant does not object to the categorization of his prior convictions for voluntary manslaughter and aggravated assault as "violent" offenses. Rather, as previously stated, defendant objects to the use of these prior convictions in support of a finding that he is a "dangerous felon," arguing that the "use of such ancient offenses to support the finding of dangerousness amounts to a permanent lifetime ban that is not 'consistent with this

---

foot and leg. The R&R indicates that this incident, in part, appears to form the basis for defendant's aggravated assault convictions in 2006. However, the latest date of referral for defendant's convictions in 2006 is February 12, 2003, approximately four months before defendant's conduct on June 20, 2003 [*See* Case No. 3:03-cr-100, PSR ¶ 43]. Therefore, it is unclear whether defendant's June 20, 2003, conduct formed the basis of any of his aggravated assault convictions. Regardless, defendant has five felony convictions for aggravated assault, most of which involved the use of a firearm, and defendant does not object or refute this finding.

[4] After an appeal, defendant was re-sentenced on April 16, 2007, to the same term of imprisonment of 151 months [Case No. 3:03-cr-100, Docs. 79, 81].

[5] *See* n.1.

Nation's historical tradition of firearm regulation'" [Doc. 86, p. 2 (quoting *Bruen*, 597 U.S. at 17)].

Neither *Williams*, nor any other Sixth Circuit authority, discusses how the age of prior convictions should impact a court's "dangerousness" determination in a §922(g)(1) as-applied challenge. *See United States v. Gaither*, No. 3:23 CR 189, 2024 WL 4567281, at *2 (N.D. Ohio Oct. 24, 2024); *United States v. Jennings*, No. 2:24-CR-20173, 2024 WL 4560602, at *4 (E.D. Mich. Oct. 24, 2024). Instead, *Williams* simply instructs courts to "evaluate a defendant's entire criminal record[,]" noting that individuals who have committed crimes "against the body of another human being" will have a difficult time showing they are not dangerous. 113 F.4th at 663.

In *Jennings*, the defendant, in his attempt to demonstrate that he was not dangerous, argued that his most serious felony, a 1997 conviction for armed robbery with a firearm, occurred 27 years ago. 2024 WL 4560602, at *4. The court in *Jennings* acknowledged the absence of Sixth Circuit authority on the issue of prior conviction age, stating that *Williams* "gives no guidance as to whether, in making the dangerousness decision, district courts should give less weight to convictions for violent crimes which occurred long ago." *Id.* The *Jennings* court, however, stated that "[c]ommon sense . . . strongly suggests [that such convictions] should be given less weight." *Id.* (citing *United States v. Green*, No. 23-CR-20506, 2024 WL 4469090, at *3 (E.D. Mich. Oct. 10, 2024)). In turn, the *Jennings* court stated it would give less weight to the defendant's 27-year-old conviction "than it would [have] if the conviction had been recent." *Id.* Nonetheless, the *Jennings* court ultimately determined that the defendant's as-applied challenge failed because the

9

defendant had an extensive criminal history post-1997, including prior felon-in-possession convictions.[6]  *Id.* at *5–*6.

Several district courts, however, have found older, violent convictions on their own to be sufficient to demonstrate dangerousness under *Williams*.  *See United States v. Lawson*, No. 3:23 CR 627, 2024 WL 4443765, at *2 (N.D. Ohio Oct. 8, 2024) (concluding that the defendant's 1994 rape conviction, even though the defendant entered an *Alford* plea to the charge, was sufficient to demonstrate dangerousness); *United States v. Quezada*, No. 5:22-cr-327, 2024 WL 3849923, at *1, *7 (N.D. Ohio Aug. 16, 2024) (determining that because the defendant had prior convictions for reckless homicide in 2010 and drug distribution in 2011, the defendant could not demonstrate that § 922(g)(1) was unconstitutional as applied to him); *United States v. McQueen*, No. 24-20136, 2024 WL 3331629, at *1, *6 (E.D. Mich. July 8, 2024) (finding that the defendant's past crimes of carjacking, armed robbery, and illegal firearm possession, for which the defendant was convicted in 2007, demonstrate why § 922(g)(1) survives an as-applied challenge); *United States v. El Bey*, No.1:21-cr-110, 2024 WL 22701, at *1, *4 (S.D. Ohio Jan. 2, 2024) (relying on the defendant's 1999 conviction for felonious assault and defendant's 2007 conviction for felonious kidnapping and felonious assault in determining that § 922(g)(1) was constitutional as applied to the defendant); *see also United States v. Vaughn*, No. 23-5790, 2024 WL 4615853, at *1–*2 (6th Cir. Oct. 30, 2024) (citing *Williams*, 113 F.4th at 662) (stating that the defendant's conviction for aggravated robbery, which occurred in

---

[6]  The *Jennings* court noted that the Sixth Circuit in *Williams* found that a prior felon-in-possession conviction was sufficient on its own to justify a finding of dangerousness. *Id.* at *6.

2002, is "highly probative, and alone, would almost certainly be sufficient to conclude that the defendant presented a danger to the public such that they could be constitutionally disarmed").

Based on the above, the Court does not find that Judge Poplin erred in using defendant's 1995 and 2006 convictions to make a finding that defendant is a "dangerous felon." *Williams* states that a district court may "evaluate a defendant's entire criminal record[,]" and thus, the consideration of older convictions in the determination of a defendant's dangerousness is not precluded. 113 F.4th at 663. While some courts have allocated less weight to older, violent convictions, *see Jennings*, 2024 WL 4560602, at *6; *Green*, 2024 WL 4469090, at *3, other courts have found older convictions for violent offenses on their own to be determinative in finding a defendant to be "dangerous." *See Lawson*, 2024 WL 4443765, at *2; *Quezada*, 2024 WL 3849923, at *7; *McQueen*, 2024 WL 3331629, at *6; *El Bey*, 2024 WL 22701, at *4. Regardless, it is clear that courts are allowed to consider such convictions in their evaluation of defendant's § 922(g)(1) as-applied challenge.

As to defendant's characterization of the use of older prior convictions to support a finding of dangerousness as a "permanent lifetime ban" on firearm possession [Doc. 86, p. 2 (citing *Bruen*, 597 U.S. at 17)], the Court disagrees with this characterization, particularly in light of *Williams*. As previously quoted, the Sixth Circuit in *Williams* stated that, "[t]he relevant principle from our tradition of firearms regulation is that, when the legislature disarms on a class-wide basis, individuals must have a reasonable opportunity to prove that they don't fit the class-wide generalization." 113 F.4th at 661. And this principle is

11

satisfied through a court's review of an as-applied challenge. *Id.* In such a challenge, the burden rests upon the defendant to show he is not dangerous, and while this burden may be heavy depending on the particular defendant, the existence of a burden implies the ability to meet and overcome such a burden. *Id.* at 658, 662. In turn, a defendant's criminal history, while perhaps the most probative of factors a court is consider, does not automatically preclude a defendant from succeeding on an as-applied challenge.[7] Therefore, defendant's argument that the use of old, prior convictions to support a finding of dangerousness amounts to a "permanent lifetime ban" is incorrect and ignores the ability of a defendant to prove that he is not dangerous.

Accordingly, to the extent defendant objects to Judge Poplin's reliance on "remote-in-time convictions" in the R&R, the Court **OVERRULES** such objection.

### B. Defendant's Prior Convictions Alone Support a Finding of Dangerousness

While defendant also objects to Judge Poplin's reliance on defendant's pending domestic assault case to support a finding of dangerousness [Doc. 86, p. 2], the Court finds that it need not address this objection because defendant's prior convictions alone are sufficient in finding defendant to be dangerous.

Even assigning defendant's prior, distant convictions with less weight, as discussed above, the Court still finds defendant to be dangerous for purposes of a § 922(g)(1)

---

[7] The Court notes that the Sixth Circuit in *Williams* explicitly reserved the inquiry of whether past convictions for violent crimes are dispositive of the question of a defendant's dangerousness for another day. *Id.* at 658.

as-applied challenge. Defendant has a conviction for voluntary manslaughter and *five* convictions for aggravated assault, most of which involve the use of a firearm. Additionally, while the R&R did not rely on defendant's 2004 convictions of being a felon in possession of ammunition and being a felon in possession of a firearm and ammunition in support of its finding of dangerousness, it could have, and the Court certainly does now. *See Williams*, 113 F.4th at 662 (stating that the government could have pointed to defendant's prior conviction of possessing a firearm as a felon to demonstrate defendant's dangerousness); *see also Jennings*, 2024 WL 4560602, at *6 (noting that the Sixth Circuit in *Williams* found that a prior felon-in-possession conviction was sufficient *on its own* to justify a finding of dangerousness).

The Court considers defendant's argument that at the time of his arrest, he "had been out of prison approximately eight years" and successfully completed a three-year term of supervised release, and that he was working full-time as a bus driver [Doc. 60, p. 1; Doc. 64, p. 4]. And the Court acknowledges defendant's contention regarding the age of his convictions [Doc. 78, p. 3]. However, in the face of six prior convictions for violent, crimes-against-the-person offenses, the Court finds defendant has not met his burden of proving he is not dangerous. *See Williams*, 113 F.4th at 658 (stating "there is little debate that violent crimes are at least strong evidence that an individual is dangerous" and that an individual who commits a crime against a person "will have a difficult time . . . showing he is not dangerous").

In light of the above, the Court finds that it need not consider defendant's pending domestic assault case, as relied upon by the R&R, to come to the conclusion that

13

defendant's §922(g)(1) as-applied challenge fails. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(C), the Court **MODIFIES** the findings made by Judge Poplin such that the R&R's reliance on defendant's pending domestic assault case is removed. In turn, defendant's objection to the use of his pending domestic assault case to support a finding of dangerousness is **OVERRULED as moot**.

## IV. Conclusion

For the reasons above, defendant's objections [Doc. 86] are **OVERRULED**, and the Court **MODIFIES** the R&R to exclude discussion of defendant's pending domestic assault case and **ACCEPTS** the remainder of the R&R [Doc. 80]. Accordingly, the Court **DENIES** defendant's Motion to Dismiss the Indictment [Doc. 21].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE